UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN S.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 3:21-cv-05231-BAT

**ORDER AFFIRMING THE
COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the ALJ erred in assessing certain medical opinion evidence, discounting the disability rating of the U.S. Department of Veterans Affairs ("VA"), discounting his testimony, and discounting lay statements.[1]  Dkt. 14 at 2.  Plaintiff also argues the case should be remanded on constitutional grounds.  Dkt. 14 at 17-19.  For the reasons below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 57 years old, graduated from high school and completed some college coursework, and his previous jobs include car salesman and finance manager, mortgage

---

[1] Plaintiff also argues these errors led to errors in the ALJ's residual functional capacity ("RFC") assessment and the step-five findings (Dkt. 14 at 15-16), but as the Court concludes the ALJ did not err, these arguments necessarily fail.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 1

salesman, and appliance salesman and deliverer.  Tr. 241, 711-19.  In June 2015, he applied for benefits, alleging disability as of March 11, 2015, with a date last insured of December 31, 2020.  Tr. 202-02, 663.  His application was denied initially and on reconsideration.  Tr. 116-18, 127-31.  The ALJ conducted a hearing in May 2016 (Tr. 39-83), and subsequently found Plaintiff not disabled.  Tr. 15-38.

The Appeals Council denied Plaintiff's request for review (Tr. 1-6), and the U.S. District Court for the Western District of Washington affirmed the Commissioner's final decision.  Tr. 796-824.  Plaintiff appealed to the Ninth Circuit, which reversed the ALJ's decision and remanded for further proceedings.  Tr. 825-38.  At the direction of the Appeals Council (Tr. 842-43), the ALJ consolidated all of Plaintiff's applications filed since 2015 and held a hearing in September 2020 (Tr. 691-756), and the ALJ subsequently issued a decision finding Plaintiff not disabled.  Tr. 661-80.  Plaintiff now seeks judicial review of the Commissioner's final decision.

## THE ALJ'S DECISION

The ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: post-traumatic stress disorder ("PTSD") and diabetes mellitus.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.

**RFC:**  Plaintiff can perform medium work, with additional limitations: he cannot climb ladders, ropes, or scaffolds, and cannot be exposed to hazards (as defined by the Dictionary of Occupational Titles).  He can perform simple, routine, repetitive tasks without fast-paced production requirements.  He can make simple work-related decisions with few, if any, workplace changes.  He cannot have contact with the public, but can have occasional superficial contact with co-workers.  He can perform work that does not require team tasks.

**Step four:**  Plaintiff could not perform his past work.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 2

1

2          **Step five:**  As there are jobs that exist in significant numbers in the national economy that
           Plaintiff can perform, he is not disabled.

3    Tr. 661-80.

4                                        **DISCUSSION**

5    **A.      Medical Opinions²**

6          Plaintiff argues the ALJ erred in failing to discuss a medical opinion provided by

7    examining psychologist Jennifer Palermo, Ph.D., and in discounting an opinion written by Loreli

8    Thompson, Ph.D.  Plaintiff also contends the ALJ erred in crediting the State agency opinions.

9          *1.     Dr. Palermo*

10         Dr. Palermo examined Plaintiff in June 2015 and completed a VA form opinion

11   describing his symptoms.  Tr. 1143-50.  Dr. Palermo opined, *inter alia*, Plaintiff's PTSD caused

12   "clinically significant distress or impairment in social, occupational, or other important areas of

13   functioning."  Tr. 1148.  The ALJ generally referenced the 62-page exhibit containing Dr.

14   Palermo's opinion in her assessment of the VA disability rating, but did not explicitly weigh Dr.

15   Palermo's opinion.  Tr. 674.

16         Plaintiff contends the ALJ erred in failing to explicitly weigh Dr. Palermo's opinion.

17   Dkt. 14 at 4.  However, Dr. Palermo's opinion is a part of the records contained in Plaintiff's VA

18   Disability Rating Verification which the ALJ discussed and reviewed. The ALJ's discussion of

19   the VA evidence adequately addresses Dr. Palermo's opinion, because the ALJ noted she

20   considered "all of the evidence, including the evidence from [Plaintiff's] VA doctors, and arrived

21   at a different conclusion than the VA did[,]" based on inconsistencies between Plaintiff's

22

23   _____
     ² Plaintiff's opening brief contains a lengthy summary of medical evidence untethered to any
     assignment of error and which therefore does not establish harmful error.  (Dkt. 14 at 6-9

treatment record, activities, and allegations that the ALJ discussed at length.  Tr. 674-75.  The Court finds the ALJ provided legally sufficient reasons to discount the VA disability rating, and this analysis applies equally to Dr. Palermo's opinion.[3]

Specifically, the ALJ found the VA rating was inconsistent with Plaintiff's treatment records indicating only conservative and sometimes minimal mental health treatment.  Tr. 674.  The ALJ also noted Plaintiff's symptoms appeared to respond well to treatment.  *Id*.  The ALJ reasonably found Plaintiff's condition improved with conservative treatment, and this medical evidence is inconsistent with the VA rating and therefore a valid reason to discount the rating.  *See, e.g.*, *Cassel v. Berryhill*, 706 F. App'x 430, 432 (9th Cir. Dec. 15, 2017) (affirming an ALJ's discounting of a VA rating in light of medical evidence inconsistent with the rating); *Carbajal v. Berryhill*, 2017 WL 2603300, at *11 (C.D. Cal. Jun. 15, 2017) (finding no error in an ALJ's discounting of a VA rating because claimant's conservative treatment was inconsistent with the rating).

Plaintiff provides only a conclusory challenge to the ALJ's reasoning, arguing "none of the ALJ's reasons are persuasive" (Dkt. 14 at 9), but makes no attempt to explain why any of the reasons are insufficient.  This mere assertion of error is insufficient.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments:  "We require contentions to be accompanied by reasons.").  Accordingly, Plaintiff fails to meet his burden to show harmful legal error in the ALJ's assessment of the VA rating, or the records underlying it, including Dr. Palermo's opinion.

---

[3] Plaintiff argues the ALJ merely repeated reasoning previously found erroneous by the Ninth Circuit (Dkt. 25 at 4), and the Ninth Circuit did find error in the prior ALJ's discounting of the VA rating based on inconsistent activities.  *See* Tr. 829-30.  To the extent the ALJ erred in relying on similar reasoning to discount the VA rating in the current decision, the error is harmless in light of the ALJ's other valid reason (inconsistent medical evidence).

1   Inconsistent medical evidence and/or activities are also valid reasons for discounting a medical

2   opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the

3   record properly considered by ALJ in rejection of physician's opinions); *Rollins v. Massanari*,

4   261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion

5   that was inconsistent with the claimant's level of activity).

6       *2.    Dr. Thompson*

7       Dr. Thompson examined Plaintiff in August 2015 and completed a narrative report

8   describing Plaintiff's symptoms and limitations.  Tr. 409-15.  The ALJ summarized Dr.

9   Thompson's findings and gave them partial weight in light of Plaintiff's activities that contradict

10  the limitations Dr. Thompson identified, as well as the many normal mental status examination

11  findings in records Dr. Thompson did not have access to.  Tr. 675.  The ALJ also noted Plaintiff

12  failed to disclose his heavy marijuana use to Dr. Thompson, which undermined her ability to

13  accurately describe Plaintiff's limitations attributable to his impairments.  *Id*.  The ALJ indicated

14  , nonetheless, the RFC assessment "generally accounts" for the limitations referenced in Dr.

15  Thompson's opinion.  *Id*.

16      Plaintiff contends none of the purportedly inconsistent evidence cited by the ALJ is either

17  meaningful or actually contradicts Dr. Thompson's opinion, because her opinion was based on

18  her clinical findings.  Dkt. 14 at 5.  Plaintiff also argues his undisclosed marijuana use is

19  irrelevant because there is no evidence he was "using or abusing" it at the time of Dr.

20  Thompson's examination.  *Id*.

21      Even if Dr. Thompson's opinion was informed by her own clinical examination, as

22  Plaintiff argues (Dkt. 14 at 5), the ALJ did not err in pointing to normal mental status

23  examination findings as to thought process, cognition, speech, insight, and judgment in the

longitudinal record that were inconsistent with Dr. Thompson's findings and her conclusions. *See* Tr. 675; *Tommasetti*, 533 F.3d at 1041.  The ALJ also cited Plaintiff's social activities (such as being in public at grocery stores and Disneyland, maintaining friendships and marriage, teaching science in an elementary school, interacting with providers) as evidence inconsistent with the "very limited" social capacity described by Dr. Thompson, and Plaintiff has not shown the ALJ's findings are unsupported or unreasonable.  *See* Tr. 675.

Furthermore, the ALJ did not err in noting Plaintiff did not disclose his heavy, daily marijuana use to Dr. Thompson because the ALJ reasonably found this failure prevented the doctor from having an accurate picture of Plaintiff's symptoms and their relationship to his conditions.  *See, e.g.*, *Oviatt v. Comm'r of Social Sec. Admin.*, 303 F. App'x 519, 522 (9th Cir. Dec. 16, 2008).  Even if Dr. Thompson did not suspect Plaintiff was under the influence of any substance during the examination, Plaintiff's providers nonetheless recommended against Plaintiff's use of substances and he continued to use.  *See, e.g.*, Tr. 2303-04 (therapy note indicating that "[a]gain, [Plaintiff] was consulted that cannabis is not recommend[ed] by VA system, and also safety issues concern and possible short-term/long-term side effect, etc."), 2324 (same), 2339 (same), 2373-74 (medical provider recommended "smoking cessation including Marijuana" and "emph[a]sized compliance !!!!").  Plaintiff's ongoing daily use was relevant to his treating providers, and thus the ALJ reasonably found Dr. Thompson's opinion was undermined by her lack of awareness of this issue on Plaintiff's functioning.

Because the ALJ provided multiple legally sufficient reasons to discount Dr. Thompson's opinion, the Court affirms this portion of the ALJ's decision.

3.      *State Agency Opinions*

1       Plaintiff argues the ALJ erred in crediting the State agency opinions because the opinions

2   of non-examining providers cannot solely support the discounting of opinions written by

3   examining or treating providers.  Dkt. 14 at 9.  But the ALJ did not cite the State agency opinions

4   as a basis for discounting the opinions of examining or treating providers, and thus this argument

5   is misplaced.  *See* Tr. 674-77.

6   **B.   Plaintiff's Testimony**

7       The ALJ summarized Plaintiff's allegations and explained she discounted them because

8   (1) Plaintiff could not adequately explain why he became unable to work on his alleged onset

9   date, and applied for unemployment benefits and volunteered with the police department during

10  the period he claimed to be disabled; (2) he consumes marijuana against medical advice and did

11  not disclose it to at least one examiner; (3) Plaintiff has engaged in minimal, conservative

12  treatment for his mental symptoms and declined to engage in treatment offered to him; (4) many

13  normal objective findings fail to corroborate his allegations of disabling mental symptoms; (5)

14  some of Plaintiff's symptoms improved with treatment; and (6) Plaintiff's activities (especially

15  driving, traveling to Disneyland, and shooting a gun) are inconsistent with his alleged

16  limitations.  Tr. 668-73.  Plaintiff contends these reasons are not clear and convincing, as

17  required in the Ninth Circuit.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

18      At the outset, the Court notes the fifth and sixth reasons were previously affirmed by the

19  U.S. District Court for the Western District of Washington and not disturbed in the subsequent

20  Ninth Circuit opinion.  *See* Tr. 796-831.  The previous decision's rationale as to those reason is

21  persuasive and therefore, for the reasons explained in that decision (Tr. 796-824), the Court finds

22  the ALJ's references to Plaintiff's improvement with treatment and his social activities constitute

23  clear and convincing reasons to discount his testimony.

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 7

1    Because the ALJ provided at least some clear and convincing reasons to discount

2    Plaintiff's testimony, the Court need not address the ALJ's other reasons because even if they are

3    erroneous, the error is harmless.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 553 F.3d 1155,

4    1162-63 (9th Cir. 2008).

5    **C.      Lay Statements**

6            The record contains statements written by Plaintiff's wife and former co-worker.  Tr.

7    1237-38, 1266-74, 1331-35.  The ALJ summarized these statements and found they were

8    consistent with Plaintiff's testimony, but inconsistent with the same evidence (objective medical

9    evidence, conservative treatment, activities) that the ALJ found to be inconsistent with Plaintiff's

10   allegations.  Tr. 677-78.

11           Plaintiff argues the ALJ failed to provide germane reasons to discount the lay testimony,

12   as required in the Ninth Circuit.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the

13   ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane

14   to each witness.").  As explained *supra*, the Court finds that the ALJ provided legally sufficient

15   reasons to discount Plaintiff's testimony, and these reasons are also valid as to the lay testimony.

16   *See Valentine v. Comm'r of Social Sec. Admin*., 574 F.3d 685, 694 (9th Cir. 2009) (because "the

17   ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective

18   complaints, and because [the lay witness's] testimony was similar to such complaints, it follows

19   that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony")).  Plaintiff

20   does not dispute the similarity between his testimony and the lay testimony, and has failed to

21   show harmful legal error in the ALJ's discounting of the lay statements.

22   **D.      Constitutional Challenge**

23

1        Plaintiff contends this case must be remanded because the structure for removing the

2   Commissioner of Social Security violated separation of powers under Article II of the U.S.

3   Constitution, such that the Commissioner's decision to deny him benefits was made by

4   individuals who had not properly been delegated authority to make such decisions.  Dkt. 14 at

5   17-19.  For the reasons stated in *Lisa Y. v. Commissioner of Social Security*, -- F.Supp.3d --,

6   No.21-5207-BAT, 2021 WL 5177363 at *5-8 (W.D. Wash. Nov. 8, 2021), the Court finds 42

7   U.S.C. § 902(a)(3) is indeed unconstitutional but is not grounds to reverse the ALJ's decision in

8   this case.

9                                              **CONCLUSION**

10        For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is

11   **DISMISSED** with prejudice.

12        DATED this 10th day of February, 2022.

13

14                                              _____

15                                              BRIAN A. TSUCHIDA
                                                United States Magistrate Judge

16

17

18

19

20

21

22

23

ORDER AFFIRMING THE COMMISSIONER'S DECISION - 9